UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANTOINETTE ROBINSON,

    Plaintiff,

    v.                                                                Case No. 10-C-0528

BEST BUY COMPANY, INC.
and GATEWAY, INC.,

    Defendants.

## DECISION AND ORDER

On June 25, 2010, the plaintiff, Mary Antoinette Robinson ("Robinson"), filed a pro se complaint against Best Buy Company, Inc. and Gateway, Inc. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Before authorizing Robinson to proceed in forma pauperis, this court must determine if the litigant would be unable to pay the costs of commencing this action and still provide for herself and for her dependents the "necessities of life." *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987). Additionally, where the litigant cannot pay the full filing fee but is economically able to pay a portion thereof, it is within this court's discretion to order a partial payment of the filing fee while

waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987) (citing *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980)).

In her petition and affidavit for leave to proceed in forma pauperis, Robinson states that currently, she is not employed. She owns a 1993 Buick Roadmaster. Robinson states that she does not own her own residence and that she does not have a cash, checking, savings, or other similar account. It appears that she has no other assets. Robinson also reports that she has no monthly expenses.

Based on the foregoing, I am satisfied that Robinson is indigent for purposes of the in forma pauperis statute. That is, given her unemployed status, I am persuaded that she is unable to pay the costs of commencing this action.

However, before allowing a plaintiff to proceed without paying costs, a court must also determine that the action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous, for purposes of § 1915(e)(2)(B)(i), if there is no arguable basis for relief either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir. 1993). The court may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). And, as stated previously, the court is to dismiss a case if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In her complaint, Robinson describes an incident relating to her father's computer. It appears that his computer "shut down" and Gateway told her that they could assist her for a service fee of $59.99. Her father paid for the service, but then she "forund out later it was a sceam of 30 minute's

of time & to down loud information from a web site on a brand new flash drive a program called stax my dad had to purchase." (Compl., Attachment.) Her father never received a refund as they were told he would. Therefore, Robinson is "suing for civil right, I'm a human being that's been getting refused service, customer challenge, both companies have hacker working for the as legal entitie's & freedom of act to know information for all the above mentioned." (*Id.*)

First, the court turns to whether Robinson has standing to bring this action in federal court. There are three elements constituting the "irreducible constitutional minimum of standing." *United States v. Hays*, 515 U.S. 737, 742 (1995).

> "First, the plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Id.* at 743 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). With respect to the first element, it must be established that the injury is a personal one. *See id.* at 747. Insofar as Robinson is suing based upon her father not receiving a refund, her claim must fail because this injury is not personal to Robinson. Indeed, this is evidenced by a note signed by Robinson's father, Barry Hunt Robinson, wherein he described the incident, related the fact that he did not get his refund, and stated that he was going to report the incident to "FTC, ATC & IRS." (Compl., Attachment.)

Insofar as Robinson claims she, herself, was aggrieved in some way, even affording Robinson's complaint a liberal construction, the court finds that she fails to state a claim under any federal law or under the United States Constitution. Although she states that she is bringing claims for violation of her civil rights, Robinson does not set forth facts that may entitle her to relief. She also does not present facts suggesting that she may be entitled to relief based on the Freedom of Information Act. *See* 5 U.S.C. § 552.

3

Because Robinson's complaint fails to state a claim, her motion to proceed in forma pauperis will be denied and this action will be dismissed.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**SO ORDERED** this 1st day of July 2010 at Milwaukee, Wisconsin.

        **BY THE COURT**:

        s/ William E. Callahan, Jr.
        WILLIAM E. CALLAHAN, JR.
        United States Magistrate Judge